COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


ISIDORO RODRIGUEZ-HAZBUN

                                                    MEMORANDUM OPINION*
v.        Record No. 3247-03-4                           PER CURIAM
                                                         JULY 6, 2004
AMALIN HAZBUN ESCAF


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Stanley P. Klein, Judge

              (Isidoro Rodriguez; The Law Offices of Rodriguez & Sibley, on
              brief), for appellant.

              No brief for appellee.


        Appellant Isidoro Rodriguez-Hazbun appeals the December 4, 2003 order of the circuit

court dismissing his appeal to that court.  On appeal to this Court, he presents two questions:

              I.  Whether the Fairfax Chancery Court was in error in dismissing
              Isidoro's appeal from the June 18, 2003 order of the Fairfax J&D
              Court, based on it[s] holding that there was no final order and it
              lacked jurisdiction under Va. Code § 16.1-296.

              II.  Whether [the] Fairfax J&D Court and Chancery Court's
              proceedings have demonstrated a lack of impartiality, thereby
              violating Isidoro's right to due process and equal protection of the
              laws of Virginia, the Treaty [the Hague Convention Treaty on the
              Civil Aspects of International Child Abduction], and ICARA [the
              International Child Abduction Remedies Act].

Upon reviewing the record and opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

On July 13, 2001, appellant instituted an action in the Fairfax County Juvenile and Domestic Relations District Court ("JDR Court") concerning his custody. Upon learning of this action, Amalin Hazbun Escaf, appellee, a citizen of Columbia, initiated a Hague Convention application in Columbia for his return to that country. The United States District Court for the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit, and the Supreme Court of the United States entertained and determined the litigation arising from appellee's Hague Convention application. Thereafter, appellant filed a petition for a writ of mandamus with the United States District Court for the District of Columbia. He was not successful, nor was he successful on his appeal of the district court's decision to the United States Court of Appeals for the District of Columbia. As of June 18, 2003, appellant was awaiting that court's decision of his request for rehearing *en banc*.

Meanwhile, on June 11, 2003, appellant filed in the JDR Court a "Motion to Compel Right of Access and Visitation Pursuant to Final Joint Custody Agreement Dated August 1, 1997." By order entered June 18, 2003, the JDR Court denied the motion, noting that it had stayed all proceedings pending the federal court litigation.

Appellant appealed the June 18, 2003 order to the circuit court. By order entered December 4, 2003, the circuit court dismissed the appeal. Appellant now appeals that decision to this Court.

II.

Code § 16.1-296(A) reads in pertinent part: "From any *final* order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken within ten days from the entry of a final judgment, order or conviction." (Emphasis added.)

"""""A final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.""""" <u>Daniels v. Truck & Equip. Corp.</u>, 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (citations omitted).

The JDR Court's June 18, 2003 order was not a final order. It merely determined that the court could not entertain appellant's motion because the state litigation had been stayed. Consequently, the circuit court lacked jurisdiction to entertain the appeal and did not err in dismissing the appeal.

<u>Affirmed.</u>